# IN THE COURT OF APPEALS OF IOWA

No. 25-0924
Filed August 6, 2025

IN THE INTEREST OF K.P. and A.W.,
Minor Children,

E.W., Mother,
    Appellant.
_____

    Appeal from the Iowa District Court for Buchanan County, Linnea M.N. Nicol, Judge.

    A mother appeals the termination of her parental rights to two children.
**APPEAL DISMISSED.**

    Joseph G. Martin, Cedar Falls, for appellant mother.

    Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

    Kimberly Lange, Waterloo Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor children.

    Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**LANGHOLZ, Judge.**

Two children were removed from their mother's custody due to her ongoing alcohol abuse and illicit substance use. Over the next year, the mother made no progress toward sobriety. So the State petitioned to terminate her parental rights. Indeed, her alcohol dependency is currently so severe that she was under the influence during the termination hearing—confessing to drinking vodka before the hearing began that morning. After the hearing, the juvenile court terminated the mother's parental rights under paragraphs "f," "i," and "l" of Iowa Code section 232.116(1) (2025).

The mother now appeals. But before we consider the merits, we must first address jurisdiction. Parents have fifteen days to appeal a final juvenile court order terminating their parental rights. *See* Iowa Rs. App. P. 6.101(1)(a), 6.102(1). Generally, notice-of-appeal deadlines are "mandatory and jurisdictional." *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013) (cleaned up). Our supreme court recently recognized a narrow exception to our otherwise strict enforcement of appellate deadlines, authorizing delayed appeals in termination-of-parental-rights cases. *See In re A.B.*, 957 N.W.2d 280, 290 (Iowa 2021). Under that exception, we may exercise jurisdiction over delayed appeals if a "parent clearly intended to appeal," the "failure to timely perfect the appeal was outside of the parent's control," and the resulting delay was "no more than negligible." *Id.* at 292.

Here, the juvenile court terminated the mother's parental rights on May 14. She filed her notice of appeal on June 2—nineteen days later and four days past the deadline. Along with that notice, she moved for a delayed appeal, alleging in the motion that the late filing was "due to the inability of the mother to return the

document" to her attorney, "as she was seeking inpatient substance abuse treatment around the time of the filing deadline."

Yet the mother signed the notice of appeal on May 19—five days after the termination order. She thus had ten days to deliver that signed notice to her attorney but failed to do so. And the motion contains no specific details or information showing how or why the mother was prevented from sending the notice to her attorney within that time frame. *See In re W.M.*, 957 N.W.2d 305, 316 (Iowa 2021) (allowing delayed appeal when father's notice of appeal was two days late, but the father was incarcerated and moved facilities while the appeal window was pending, preventing him from receiving, signing, and returning the notice of appeal to his counsel on time).

So the mother has not shown that her late appeal was beyond her control. *See In re K.W.*, No. 24-1607, 2025 WL 271370, at *3 (Iowa Ct. App. Jan. 23, 2025) (dismissing appeal when "[t]he failure to timely file the appeal resulted from the mother failing to return the signed notice of appeal on time"). As a result, we must deny her request for a delayed appeal and dismiss her appeal for lack of jurisdiction.

**APPEAL DISMISSED.**